# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

AFSHIN BAHRAMPOUR,

    Petitioner,

v.

SHERIFF JOE LOMBARDO,

    Respondent.

Case No. 2:19-cv-01524-GMN-VCF

**ORDER**

This habeas matter is before the Court on consideration of Petitioner Afshin Bahrampour's Application to Proceed *In Forma Pauperis* (ECF No. 1) as well as initial review under the Rules Governing Section 2254 Cases.[1] Bahrampour has submitted a *pro se* Petition for Writ of Habeas Corpus (ECF No. 1-1). For the reasons discussed below, the Court denies the application for *in forma pauperis* ("IFP") status and dismisses the petition without prejudice.

A $5.00 filing fee is required to initiate a habeas action in a federal district court. The Court may authorize a prisoner to begin an action without prepaying the filing fee if the prisoner submits an IFP application on the approved form along with the appropriate supporting documentation. 28 U.S.C. § 1915(a); LSR 1-1, LSR 1-2. Although Bahrampour submitted the required form and supporting documents, the Court denies his IFP application based on the multiple substantial defects explained in this order and resulting dismissal of his petition.

Pursuant to Habeas Rule 4, the assigned judge must examine the habeas petition and order a response unless it "plainly appears" the petitioner is not entitled to relief. *See also Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019); *Boyd v. Thompson*, 147 F.3d 1124, 1127 (9th Cir. 1998). This rule allows courts to screen and dismiss petitions that are patently frivolous, vague, conclusory, palpably incredible, or false. *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990). The court may also dismiss claims at screening for procedural defects. *See Boyd*, 147 F.3d at 1128.

---

[1] All references to a "Habeas Rule" or the "Habeas Rules" in this order identify the Rules Governing Section 2254 Cases in the United States District Courts.

Bahrampour is charged in a grand jury indictment returned on July 29, 2019, in the Eighth Judicial District Court for Clark County, Nevada ("state court"). *State of Nevada v. Bahrampour*, Case No. C-19-342022-1.[2] The indictment alleges nine felony and misdemeanor charges, including: count one – act of terrorism or attempted act of terrorism; count two – third degree arson; count three – fourth degree arson; count four – burglary motivated by bias or hated toward the victim; count five – first degree arson motivated by bias or hated toward the victim; count six – damage to property used for religious purposes; and counts seven, eight, and nine – third degree arson motivated by bias or hated toward the victim. (ECF No. 1-2 at 1–6.) Bahrampour is currently detained at the Clark County Detention Center. (ECF No. 1-1 at 1.)

The petition claims Bahrampour is bringing a pretrial challenge to the constitutionality of the charges alleged in the state court indictment pursuant to 28 U.S.C. § 2241. (*Id.* at 31.) The request for relief seeks dismissal of the grand jury indictment and a finding that selected criminal statutes are void for vagueness. (*Id.*) Bahrampour alleges eight grounds for relief: (1) NRS 202.4415, which defines "act of terrorism," is overbroad and void for vagueness; (2) count one of the indictment, alleging acts of terrorism or attempted acts of terrorism, violates the laws of the United States because it contains the disjunctive "or" in 26 separate instances in one paragraph, which does not sufficiently provide a defendant notice to prepare a defense; (3) the arson charges alleged in counts two and three of the indictment are not sufficient to establish a criminal act because available video evidence shows a suspect burning his own property, rather than the property of another person; (4) count four of the indictment is not supported by probably cause or "slight or marginal evidence" to show that felonious intent, but results from "mere speculation"; (5) count five of the indictment is not justified because no part of the building ignited; (6)(a) NRS 193.021, which defines "personal property," is void for vagueness, and (6)(b) NRS 41.690, which defines crimes "motivated by hated or bias," violates Bahrampour's free speech rights protected by the First Amendment; (8) the use of "acoustic psycho-correction via bone conduction" and

---

[2] This Court takes judicial notice of the proceedings in Bahrampour's criminal case in the Eighth Judicial District Court of the State of Nevada. The register of actions shows that trial is set for January 13, 2020. The docket records of the Eighth Judicial District Court may be accessed by the public online at: https://www.clarkcountycourts.us/Anonymous/default.aspx.

other testing of "electronic products" on Bahrampour without his consent violates his liberty interests in bodily integrity under the Due Process Clause of the Fourteenth Amendment and due process rights under the Fifth Amendment; (8) 18 U.S.C. § 2331, which provides the federal definitions for "international terrorism," is impermissible vague and overbroad. (*Id.* at 8–32.)

Here, the petition is subject to multiple substantial defects. First, the petition improperly seeks federal judicial intervention in a pending state criminal proceeding. The *Younger* abstention doctrine prevents federal courts from enjoining pending state court criminal proceedings, even if there is an allegation of a constitutional violation, unless there is an extraordinary circumstance that creates a threat of irreparable injury. *Younger v. Harris*, 401 U.S. 37, 53–54 (1971). The Supreme Court has instructed that "federal-court abstention is *required*" when there is "a parallel, pending state criminal proceeding." *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 72 (2013) (emphasis added). Irreparable injury does not exist if the threat to a petitioner's federally protected rights may be eliminated through his or her defense of the criminal case. *Younger*, 401 U.S. at 46.

Second, Petitioner has not alleged or demonstrated that he fully exhausted his state court remedies. A criminal defendant seeking federal habeas relief to restrain ongoing state criminal proceedings must fully exhaust his state court remedies before presenting his constitutional claims to the federal courts. *E.g.*, *Arevalo v. Hennessy*, 882 F.3d 763, 764–67 (9th Cir. 2018) (finding that California petitioner properly exhausted his state remedies by filing two motions in the trial court, a habeas petition in the court of appeal, and a habeas petition in the state supreme court, each of which was denied). The exhaustion requirement ensures that state courts, as a matter of federal-state comity, will have the first opportunity to review and correct alleged violations of federal constitutional guarantees. *Coleman v. Thompson*, 501 U.S. 722, 731 (1991). As a general rule, a federal court will not entertain a petition seeking intervention in an ongoing state criminal proceeding absent extraordinary circumstances, even when a petitioner's claims were otherwise fully exhausted in the state courts. *E.g.*, *Sherwood v. Tomkins*, 716 F.2d 632, 634 (9th Cir. 1983); *Carden v. Montana*, 626 F.2d 82, 83–85 (9th Cir. 1980).

No extraordinary circumstances are presented here. Bahrampour's petition challenges the constitutionality of the charges alleged in the indictment. (*Id.* at 31.) The prosecution is ongoing.

To the extent that he faces possible limitations on his free speech rights from a conviction, his situation is not different in substance from any criminal defendant facing potential loss of constitutional rights in a pending criminal prosecution —including the most fundamental right, to liberty.  Defendants in state criminal cases routinely allege that state charges violate their constitutional rights, which makes this a regular occurrence, not an extraordinary circumstance.  Bahrampour's pretrial motion practice or defenses at trial may eliminate any threat to his federally protected rights.  Additionally, the state court docket indicates that a petition for writ of habeas corpus is currently pending before the trial judge.  It is clear that Bahrampour has not exhausted his state court remedies.  For these reasons, abstention and dismissal are required.

Given the multiple substantial defects presented, this matter will be dismissed without prejudice.  Dismissal of this action without prejudice will not materially impact the analysis of any issue in a later filed habeas proceeding, or otherwise result in substantial prejudice.

**IT IS ORDERED:**

1. Petitioner Afshin Bahrampour's Application to Proceed *In Forma Pauperis* (ECF No. 1) is DENIED.
2. Bahrampour's petition (ECF No. 1-1) is DISMISSED without prejudice.
3. A certificate of appealability is DENIED, as jurists of reason would not find dismissal of the petition to be debatable or wrong.
4. The Clerk of Court shall CLOSE this case and ENTER final judgment accordingly, dismissing this action without prejudice.
5. Bahrampour may not file any further documents in this closed case, save and except for a motion seeking reconsideration of this order or relief from the judgment entered.  Any further filings or requests for relief must be presented in a new case with a new case number.

DATED: September 9, 2019

GLORIA M. NAVARRO
UNITED STATES DISTRICT JUDGE